ELIJAH H. GAMMON, PLAINTIFF IN ERROR,

*v.*

GEORGE W. DYKE, DEFENDANT IN ERROR.

An allegation in an answer, that "each and every of four separate causes of
action set forth in the complaint did not accrue within six years," contains
a negative pregnant, and therefore it was error in the lower Court to grant
judgment against the plaintiff who failed to deny such answer.

ERROR, to First Judicial District, holding terms at Cheney.

*Andrews & Jones*, for Plaintiff in error.

The attempted plea of the Statute of Limitations is too indefinite and uncertain to constitute a defense.

1st. As to which one of the causes of action set out in the plaintiff's complaint, the plea is intended to apply. (1 Chitty on Pleading, 8 Am. ed., 523, Sec. 3 ; Code of Washington, Sec. 83, sub. 3; Tyler's Stephens on Pleadings, top 305, Rule 7; Bliss on Code Pleading, Sec. 331 ; Gould's Pleading, 4th ed. 295, Sec. 3.)

2d. The plea is also indefinite and uncertain, as to whether it was merely the form or the substance of the complaint to which the defendant directed his plea.

3d. As to whether or not it was the six years next immediately preceding the commencement of this action, or some other six years, within which the action had not accrued. (Bliss on Code Pleading, Sec. 313, Rule 3 ; Bliss on Code Pleading, Sec. 315 ; Stephens on Pleading, top 167 ; Angell on Limitations, 5th ed., 505, Sec. 287, note 7; 3 Chitty on Pleading, 8th Am. ed., Secs. 939, 940.)

No appearance for Defendant in error.

Opinion by ROGER S. GREENE, Chief Justice.

Plaintiff in error began suit in the District Court, setting forth in his complaint four separate causes of action ; one on a promissory note, and three on several judgments. To the complaint, the defendant, who is here defendant in error, answered, 1st, denying each and every allegation in the complaint ; and

2d, alleging " that each and every of the said causes of action, as alleged in plaintiff's complaint, did not accrue within six years before the commencement of this action."

The plaintiff failed to file any reply within the time limited by the rules of the Court, whereupon defendant filed a motion, asking that the default of the plaintiff might be entered, and that he have judgment against plaintiff upon the pleadings. This motion the Court sustained, and entered the judgment from which this writ of error is taken.

We are of opinion that the District Court erred in sustaining the motion. The attempted plea of the Statute of Limitations contained a negative pregnant; therefore the judgment of that Court must be reversed, and the cause remanded for further proceedings.

We concur:   JOHN P. HOYT, Associate Justice.
GEORGE TURNER, Associate Justice.